Proceed accordingly.

---

In re TILLINGHAST'S ESTATE.

(Surrogate's Court, New York County. February 13, 1916.)

1. TAXATION ⬅878—TRANSFER TAXES—IMPOSITION.
    Where a life tenant with power of appointment exercised the power, transfer taxes may be imposed, under Tax Law (Consol. Laws, c. 60) § 220, subd. 6, providing that, whenever a person shall exercise a power of appointment, such appointment shall be deemed a transfer taxable as though the property belonged absolutely to the donee, upon the property passing under the power.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701; Dec. Dig. ⬅878.]

2. TAXATION ⬅878—TRANSFER TAXES—IMPOSITION.
    In such case, the fact that transfer taxes upon the same property had been imposed on the theory that it passed under the original will is no

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defense; the remedy of persons interested in preventing double taxation being to apply for modification of the original order.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701; Dec. Dig. ☞878.]

Proceeding to assess transfer taxes upon the estate of Louise Tillinghast, deceased. From an order entered on the appraiser's report, the executors appeal. Affirmed.

Dixon & Holmes, of New York City (Jabish Holmes, of New York City, of counsel), for executors and others.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton and Alexander Otis, both of New York City, on the brief and of counsel), for state comptroller.

FOWLER, S. This is an appeal by the executors of decedent's estate from the order entered upon the appraiser's report. The decedent was given a power of appointment under the will of her husband. She exercised the power over property valued by the appraiser at the sum of $95,000. This sum was taxed in the proceeding brought to assess a tax upon the estate of the donor of the power, and the executors contend that it should not be taxed in the estate of the decedent herein.

[1, 2] Subdivision 6 of section 220 of the Tax Law provides that, whenever a person shall exercise a power of appointment, such appointment shall be deemed a transfer taxable in the same manner as though the property belonged absolutely to the donee of the power. The appraiser, therefore, was correct in reporting as part of the taxable assets of decedent's estate the value of the property over which she exercised the power of appointment. The fact that this property was taxed as part of the estate of the donor of the property cannot prevent its taxation under the section of the Tax Law above referred to. The remedy of those interested in preventing double taxation of the property passing by virtue of the exercise of the power of appointment is by a modification of the order entered in the estate of the donor of the power, as indicated in my decision in the matter of Estate of William H. Tillinghast, 157 N. Y. Supp. 379, published herewith.

Order fixing tax affirmed.